UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ROBERT RUIZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ON HABEAS CORPUS,<br><br>　　　　Respondent. | No. 1:21-cv-00575-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 12) |

Petitioner Joey Robert Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 8, 2021, the assigned magistrate judge screened petitioner's petition and issued findings and recommendations recommending that the pending petition for federal habeas relief be summarily dismissed because petitioner has failed to state a cognizable claim for federal habeas relief, failed to name a proper respondent, and failed to exhaust his claims by first presenting them to the highest state court prior to seeking federal habeas relief. (Doc. No. 12.) In addition, the findings and recommendations concluded that petitioner had not complied with Rule 2(c) the Rules Governing Section 2254 Cases by failing to adequately set forth grounds for federal habeas relief. (*Id.* at 3.) In particular, the findings and recommendations note that

1

"petitioner makes a conclusory allegation that the parole board violated state law, but he makes no argument in support of his claim, nor does he provide any facts supporting his claim." (*Id.*) The pending findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 4.) To date, petitioner has not filed any objections to the pending findings and recommendations, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

Accordingly,

1. The findings and recommendations issued April 8, 2021 (Doc. No. 12) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is summarily dismissed;

/////

/////

/////

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**May 18, 2021**__              *Dale A. Drozd*
                                                   UNITED STATES DISTRICT JUDGE